UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**SYLVESTER LEWIS BROWN,**
      **Plaintiff,**

vs.                                                    Case No.: 2:20-cv-828-JLB-NPM

**MOSES FROST, FNU SOLIS,
and DAVID HARRY,**

      **Defendants.**
_____/

## DEFENDANTS FROST AND HARRY'S MOTION TO DISMISS
## COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants Moses Frost and David Harry, hereinafter "Defendants," by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move this Honorable Court to dismiss Plaintiff's Civil Rights Complaint (Doc. 1). In support hereof, Defendants state as follows:

Plaintiff Sylvester Lewis Brown is an inmate in the custody of the Florida Department of Corrections (FDC). (Doc. 1). Defendants Captain Moses Frost and Lieutenant David Harry are employees of the FDC at Charlotte Correctional Institution (C.I.) in Punta Gorda, Florida. (Doc. 1 at 3).

Plaintiff contends that "he is a Hebrew Israelite and it is against his religious belief to be clean shaven and head cut balded [sic]," and that Defendants forced Plaintiff to cut his hair bald and clean shave his beard, thereby violating Plaintiff's "First Amendment [rights] under the Religious Freedom Restoration Act" and

Plaintiff's Fourteenth Amendment due process rights. (Doc. 1 at 5-6). Defendants move this Honorable Court to dismiss Plaintiff's Complaint as Plaintiff fails to state a cause of action.

## PLAINTIFF'S ALLEGATIONS.

Plaintiff alleges that on August 25, 2020 at Charlotte C.I., he was forced by Defendants to cut his hair and beard. (Doc. 1 at 5). Plaintiff claims that he was in administrative confinement at the time when Defendant Captain Frost and Lt. Harry were making their security rounds. (Doc. 1 at 5). Plaintiff avers that Defendant Lt. Harry stopped at Plaintiff's cell and told him that "he would be getting a haircut and shave." (Doc. 1 at 5). Plaintiff contends that he told Defendant Lt. Harry that he was a Hebrew Israelite and that is was "against his religious belief to be clean shaven and head cut bald." (Doc. 1 at 5). According to Plaintiff, Defendant Harry said "'I don't care what you are,' and walked off telling Defendant Solis to make sure Plaintiff gets a haircut and shave." (Doc. 1 at 5). Plaintiff alleges that Defendant Solis told Plaintiff that "per Captain Frost and Lieutenant Harry[,] he must get a haircut and shave." (Doc. 1 at 5). Plaintiff claims he also asked Defendant Solis to not cut his head bald or clean shave him. (Doc. 1 at 5). Plaintiff contends that a "CM III orderly then cut Plaintiff's hair and clean shave him with a triple zero blade." (Doc. 1 at 5-6).

According to Plaintiff, Defendants Harry and Frost violated his First Amendment rights under the Religious Freedom Restoration Act when they forced Plaintiff to cut his hair bald and clean shave. (Doc. 1 at 6).

Plaintiff seeks a declaration that his rights were violated, nominal damages, punitive damages of $550 against each Defendant, and court costs and fees. (Doc. 1 at 8).

## MEMORANDUM OF LAW

### I.   STANDARD FOR MOTION TO DISMISS.

In reviewing a motion to dismiss, the court must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F. 3d 1282, 1284 (11th Cir. 2008)). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002).

## II. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR A VIOLATION OF THE RELIGIOUS FREEDOM AND RESTORATION ACTION.

Plaintiff's claims he was forced to cut his hair and beard by Defendants in violation of "Plaintiff's First Amendment right under the Religious Freedom Restoration Act." (Doc. 1 at 6).

Congress enacted the Religious Freedom Restoration Act of 1993 (RFRA) "in order to provide greater protection for religious exercise than is available under the First Amendment." *Holt v. Hobbs*, 574 U.S. 352, 357 (2015). However, the Supreme Court held in *City of Boerne v. Flores* that Congress exceeded its powers under Section 5 of the Fourteenth Amendment, thus making RFRA inapplicable to the States and their subdivisions. *City of Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). In response, Congress enacted the Religious Land Use and Institutionalized Persons Act (RLUIPA), "which applies to the States and their subdivisions and invokes congressional authority under the Spending and Commerce Clauses." *Holt v. Hobbs*, 574 U.S. 352, 357 (2015). RLUIPA "allows prisoners to seek religious accommodations pursuant to the same standard as set forth in RFRA." *Id.* at 58.

Mirroring RFRA, RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution…even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person is in

furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a).

Fatal to Plaintiff's RFRA/RLUIPA claim is that according to the Court of Appeals for the Eleventh Circuit, RLUIPA does not authorize individual-capacity suits. *See Hathcock v. Cohen*, 287 F. App'x 793, 798 n.6 (11th Cir. 2008) ("[I]ndividual capacity RLUIPA claims are not cognizable."); *see also Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) (Concluding that RLUIPA does not create a private action against prison officials sued in their individual capacity.) (Abrogated on other grounds by *Sossamon v. Texas*, 563 U.S. 277 (2011), and overruled on other grounds by *Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021)). The court in *Smith v. Allen* found that RLUIPA "cannot be construed as creating a private action against individual defendants for monetary damages" as the provision derived from Congress's Spending Power and thus only applied to the government. 502 F.3d 1275.

Plaintiff does not specifically state whether he is suing Defendants in their official or individual capacities. However, since Plaintiff is seeking punitive damages against defendants, and punitive damages are not available from Defendants in their official capacities, it can be inferred that Plaintiff is suing Defendants in their individual capacities. *See Adams v. Franklin*, 111 F. Supp. 2d 1255, 1262 (11th Cir. 2000).

As individual capacity RLUIPA claims are not cognizable, Plaintiff's RLUIPA (RFRA) claims against Defendants warrant dismissal.

## III. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS.

Plaintiff claims that Defendants violated due process of law under the Fourteenth Amendment. (Doc. 1 at 5).

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. Courts consider the following when determining whether a plaintiff's right to procedural due process was violated: 1) whether plaintiff had a liberty interest at stake; and 2) whether the process the plaintiff received "satisfied the minimum requirements of the due process clause." *Sheley v. Dugger*, 833 F.2d 1420, 1424-1425 (11th Cir. 1987). "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

Plaintiff's complaint is analogous to the allegations, and lack thereof, in *AFL-CIO v. City of Miami, Florida,* 637 F.3d 1178 (11th Cir. 2011). In that case the Eleventh Circuit upheld a dismissal for failure to state a claim finding the following: "[n]othing in the complaint—directly, inferentially, or otherwise—says how Florida's procedures for recovering wrongfully taken property violated due process, or that the plaintiffs even attempted to use those procedures. Nor do the plaintiffs allege that the defendants' pre-deprivation procedures, if they were even required, were somehow inadequate. Given the absence of any information in the complaint about a material

element of their claim, the plaintiffs have failed to state a claim upon which relief can be granted." *Id.* at 1186.

In the instant action, Plaintiff fails to allege a constitutionally inadequate process regarding FDC's pre-deprivation procedures or that Plaintiff even attempted to use FDC's grievance procedures. "Although notice pleading does not require a plaintiff to specifically plead every element of his cause of action, a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1186 (11th Cir. 2011). As Plaintiff does not indicate that he attempted to use any pre or post deprivation procedures, Plaintiff fails to state a cause of action for violation of due process. Thus, Plaintiff's due process violation claim against Defendants warrants dismissal.

## Local Rule 3.01(g) Certification

The undersigned attorney certifies that he has conferred with the Plaintiff by hand-delivered letters via Plaintiff's classification officer, and that the Plaintiff indicates that he opposes this motion.

**WHEREFORE,** Defendants respectfully request this Honorable Court deny Plaintiff's Complaint, and for any such further relief as this Court deems appropriate.

Respectfully submitted,
**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/David Asti
David Asti

                                       Senior Assistant Attorney General
                                       Florida Bar No. 0102964
                                       Office of the Attorney General
                                       Tampa Civil Litigation Bureau
                                       3507 E. Frontage Road, Suite 150
                                       Tampa, Florida 33607-5242
                                       Tel: (813) 233-2880
                                       Fax: (813) 281-1859
                                       David.Asti@myfloridalegal.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 23rd day of August 2021, I electronically filed the foregoing with the Clerk of Court by using CM/ECF which will serve those parties capable of electronic service. I also certify that a copy of the foregoing document is being served this day via first class U.S. Mail to: Plaintiff, Sylvester Brown, DC #073818, Desoto Annex, 13617 S.E. Highway 70, Arcadia, Florida 34266-7800.

                                       /s/David Asti
                                       David Asti
                                       Senior Assistant Attorney General